**23SL-CC04074**

Electronically Filed - ST LOUIS COUNTY - September 26, 2023 - 08:38 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
TWENTY-FIRST JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| MICHELE MARTCHINK ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | Division: |
| ST. AGNES HOME ) | |
| ) | **JURY TRIAL DEMANDED** |
| To be served at: ) | |
| ) | |
| Manager on Duty | |
| 10341 Manchester Rd. ) | |
| St. Louis, MO 63122 ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff Michele Martchink, by and through her undersigned attorney, and for her Petition states the following:

### PARTIES AND JURISDICTION

1.      Plaintiff Martchink is a Japanese-American Caucasian female who was born with facial paralysis of the 7th and 8th cranial nerves, has held a BSN since 1997, and is a resident of St. Louis County Missouri

2.      Defendant St. Agnes Home is a senior living facility in St. Louis County Missouri that was established back in 1935 and is owned by the Carmelite Sisters of the Divine Heart of Jesus.

3.      Venue is appropriate in St. Louis County, because Plaintiff's workplace discrimination occurred in St. Louis County.

1

Electronically Filed - ST LOUIS COUNTY - September 26, 2023 - 08:38 PM

## STATEMENT OF FACTS

4.      On or around January 21, 2020, Plaintiff Martchink started her part-time employment with St. Agnes Home as a registered nurse/charge nurse.

5.      Plaintiff Martchink worked under Sr. Mary Faustina and made $35/hr within 24–34-hour weeks.

6.      Plaintiff Martchink has not had any performance complaints.

7.      On or around February 26, 2021, Plaintiff Martchink began experiencing frequent instances of passing out.

8.      Upon seeking medical treatment, Plaintiff Martchink was diagnosed with postural orthostatic hypertension syndrome with tachycardia. This health condition is characterized by an abnormally large increase in heart rate upon standing, and has also been shown to emerge in previously healthy patients after COVID-19.

9.      On or around October 6, 2022, Plaintiff Martchink filed her request for accommodation with her employer, which provides that she not lift more than 10 pounds, not push carts for more than 50 yards, and resting times to monitor changes in blood pressure. Plaintiff Martchink's request for accommodation was supplemented by a doctor's note from her physician, Michael Snyder, MD.

10.     Since then, Plaintiff Martchink had been taken off of the schedule and had been told at least a dozen times to have her doctor amend her work release restrictions to conform with the job description as a charge nurse.

11.     Defendant St. Agnes Home would directly contact Dr. Snyder about amending such work release restrictions and would deny Martchink's FMLA, despite requesting FMLA paperwork.

Electronically Filed - ST LOUIS COUNTY - September 26, 2023 - 08:38 PM

12.     Defendant St. Agnes Home would completely disregard Plaintiff Martchink's disability accommodations and work release restrictions requested by her doctor and refuse to schedule Plaintiff for any work hours, unless she removed her restrictions.

13.     On or around _, Plaintiff Martchink dual-filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR).

14.     Plaintiff's notice of her right to sue is attached herein Plaintiff's Petition, which has been filed within 90 days upon receipt of such notice.

## COUNT I: DISABILITY DISCRIMINATION AND RETALIATION UNDER THE MISSOURI HUMAN RIGHTS ACT MO. REV. STAT. § 213.010 (MHRA) AGAINST DEFENDANT ST. AGNES HOME

COMES NOW Plaintiff Sandra Vaughn, and for her claim of employment discrimination, states as follows:

15.     Plaintiff adopts and reincorporates all of the above paragraphs here again.

16.     Plaintiff restates all paragraphs of this Complaint.

17.     Plaintiff Martchink is, and was at all times relevant herein, an individual with a disability.

18.     Plaintiff Martchink is, and was at all time relevant herein, a protected class under the MHRA.

19.     Plaintiff Martchink has a physical disability that substantially limits, at minimum, her major life activities of standing, lifting, and bending.

20.     Plaintiff Martchink had disclosed her medical condition to Defendant St. Agnes Home.

Electronically Filed - ST LOUIS COUNTY - September 26, 2023 - 08:38 PM

21.     On or about August 26, 2021, Plaintiff Martchink requested accommodations for his degenerative disc disease, a medical condition covered under the Americans with Disabilities Act.

22.     Defendant St. Agnes Home had a duty to comply under the MHRA.

23.     Defendant St. Agnes Home has discriminated against Plaintiff Martchink on the basis of her disability for:

a.  completely disregarding Plaintiff Martchink's accommodations and work release restrictions requested by her doctor;

b.  directly contacting Plaintiff Martchink's doctor to amend her work release restrictions; and

c.  refusing to schedule Plaintiff Martchink for any work hours, unless she removed her restrictions.

24.     Plaintiff Martchink's disability was a motivating factor in Defendant St. Agnes Home's discrimination.

25.     As a direct and proximate cause of the failure of Defendant St. Agnes Home to comply with the MHRA, Plaintiff Martchink continues to suffer financial losses and emotional distress due to Defendant's failure to provide accommodation for her to work.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor, for damages arising from Defendant's discriminatory conduct, attorneys' fees, punitive damages and post judgment interest, and for any other relief as may be just and proper.

Electronically Filed - ST LOUIS COUNTY - September 26, 2023 - 08:38 PM

Respectfully submitted,

**OTT LAW FIRM**

_____
Joseph A. Ott, #67889

_____
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:  (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MICHELLE MARTCHINK        )
                                 )
      Plaintiff,              )
                                 )    Cause No. 23SL-CC04074
vs.                           )
                                 )    Div. 3
ST. AGNES HOME          )
                                 )
      Defendant.          )

## MOTION TO DISMISS

COMES NOW Defendant St. Agnes Home ("SAH"), by and through its counsel, Reichardt Noce & Young LLC, and for its Motion to Dismiss pursuant to Rule 55.27 states as follows:

1.    Plaintiff has failed to allege that Defendant SAH is an employer as defined by the Missouri Human Rights Act ("MHRA"), RSMo. 213.010 et seq., and has therefore failed to state a claim.

2.    Plaintiff filed her Petition on September 26, 2023 alleging a single count of disability discrimination pursuant to the MHRA.

3.    To be entitled to any remedy, Plaintiff must have alleged facts that establish the alleged unlawful employment practice was committed by an *employer* within the definition of the MHRA. *Najib v. Mo. Comm'n on Human Rights*, 645 S.W.3d 528, 541 (W.D. 2022)

4.    "Section 213.010(8) provides a definition for 'employer,' and further provides that the term 'employer' 'does not include corporations and associations owned or operated by religious or sectarian organizations. *Id*. ; RSMo. 213.010.8.

5.    Whether an employer is "owned and operated by a religious or sectarian group is a question of law." *Kammerzell v. St Luke's Episcopal-Presbyterian Hosps.*, 2012 U.S. Dist. LEXIS 24542, at *9-10 (E.D. Mo. February 27, 2012).

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

6.      SAH is not an employer within the MHRA because Plaintiff has specifically plead that it is owned by a religious organization. Petition at ¶¶2, 5. Specifically, Plaintiff has alleged that SAH "is a senior living facility … established … in 1935 and is owned by the Carmelite Sisters of the Divine Heart of Jesus" ("Carmelite Sisters"). Petition at ¶2. As its name evidences, the Carmelite Sisters is a religious organization. This is further supported by Plaintiff's allegations that her supervisor was a member of the religious community, a Catholic sister, "Sr. Mary Faustina."

7.      Religious and sectarian groups such as SAH are routinely excluded from this definition and dismissed from MHRA claims by Courts. See _Cole v. St. Francis Med. Ctr._, 2016 U.S. Dist. LEXIS 179529, at *11 (E.D. Mo. December 29, 2016) (medical center under the jurisdiction of the Bishop of the Roman Catholic diocese of Springfield-Cape Girardeau and operated as a Catholic Hospital exempt from the MHRA); _Wirth v. College of the Ozarks_, 26 F. Supp. 2d 1185, 1188 (W.D. Mo. August 28, 1998)(employer's motion to dismiss granted as College of the Ozarks, a Presbyterian college, clearly meets definition of a religious corporation and therefore is not subject to MHRA); _Perry v. Seton Ctr., Inc._, 2011 U.S. Dist. LEXIS 6311 (W.D. Mo. January 24, 2011)(employer's motion to dismiss granted and employee's motion for leave to amend denied "[i]nasmuch as Seton Center is owned and operated by a religious or sectarian group, it is not an 'employer' under the [MHRA] which excludes from the definition of employer "corporations and associations owned and operated by religious and sectarian groups"); _Young v. St. John's Mercy Health Sys._, 2011 U.S. Dist. LEXIS 29, *12-14 (E.D. Mo. 2011) (St. John's Mercy Health System, a nonprofit corporation operating for religious purposes, was "owned and operated" by a religious or sectarian group and exempt under the MHRA).

2

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

8.　　SAH should be dismissed with prejudice as a matter of law because Plaintiff has failed to allege facts to state a claim against an employer as defined by the MHRA because Plaintiff has specifically plead facts that establish SAH is exempt from the MHRA's definition of employer because it is owned by a religious organization.

WHEREFORE, Defendant respectfully requests this Court issue an order dismissing it with prejudice as a matter of law and for any further relief this Court deems just and proper.

REICHARDT NOCE & YOUNG LLC

By:＿＿＿/s/Catherine M. Robertson＿＿＿＿＿＿
MATTHEW H. NOCE　　　　　　#57883
mhn@reichardtnoce.com
CATHERINE M. ROBERTSON　#63200
cmr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile

Attorneys for Defendants

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via Missouri Courts e-Filing System with a copy of the foregoing being served electronically this 3rd day of November 2023 on all counsel of record.


_____/s/Catherine M. Robertson_____

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHELLE MARTCHINK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 23SL-CC04074 |
| vs. | ) | |
| | ) | Div. 3 |
| ST. AGNES HOME | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant St. Agnes Home ("SAH"), by and through its counsel, Reichardt Noce & Young LLC, pursuant to Rule 55.27, and files its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Petition.

**INTRODUCTION**

Plaintiff filed her Petition September 26, 2023 asserting a single count of disability discrimination against SAH pursuant to Section 213.010 of the Missouri Human Rights Act ("MHRA"). Defendant now moves to dismiss the Petition with prejudice for the reason that SAH has failed to state a claim in that Plaintiff has alleged facts which establish that SAH is a religious organization owned by the Carmelite Sisters of the Divine Heart of Jesus. Petition at ¶2. Pursuant to Subsection 213.010(8) of the MHRA, the definition of employer "does not include corporations and associations owned or operated by religious or sectarian organizations." RSMo. 213.010.8. Plaintiff has therefore alleged facts which exclude Defendant SAH from any claim pursuant to the MHRA and as such, SAH should be dismissed with prejudice as a matter of law.

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

## ALLEGED FACTS[1]

SAH is a religious organization owned by the Carmelite Sisters of the Divine Heart of Jesus. Petition at ¶2. SAH was established in 1935 and is a senior living facility in St. Louis County, Missouri. Petition at ¶2. In January 2020, Plaintiff was hired by SAH for the position of charge nurse. Petition at ¶4. In February 2021, Plaintiff began experiencing frequent instances of passing out and was diagnosed with orthostatic hypertension syndrome with tachycardia. Petition at ¶¶7-8. In October 2022, Plaintiff filed a request for accommodation that she not lift more than 10 pounds, not push carts for more than 50 yards, and have time to rest. Petition at ¶9. Plaintiff alleges she was then taken off the schedule and asked to amend her work restrictions to conform with her job description (a reasonable inference therefrom is that her work restrictions did not conform with the job description of charge nurse and that Plaintiff was not able to perform the essential functions or her job). Petition at ¶10. Plaintiff subsequently filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and received a right to sue letter. Petition at ¶10. This lawsuit follows.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim is a test of the adequacy of a plaintiff's petition. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 1993). A court shall review the petition to determine if the facts alleged meet the elements of a recognized cause of action. *Id*. A petition must "'invoke [] substantive principles of law entitling plaintiff to relief and allege [] ultimate facts informing defendant of that which plaintiff will attempt to establish at trial.'" *State ex rel. Union Elec. Co. v. Dolan*, 256 S.W.3d 77, 82 (Mo. banc 2008) (quoting *Grewell v. State Farm Mut. Auto. Ins. Co.*, 102 S.W.3d 33, 36 (Mo. banc 2003)). Mere conclusions

---

[1] While the SAH disputes Plaintiff's several of the allegations contained in Plaintiff's Statement of Facts, it will assume such facts as true solely for purposes of this Motion.

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

that are not supported by factual allegations are to be disregarded. _Solberg v. Graven_, 174 S.W.3d 695, 698-99 (Mo. App. S.D. 2005). If the facts alleged do not support a recognized cause of action, the matter should be dismissed for failure to state a claim. Further, "[i]n deciding a case under the MHRA, … courts are guided by both Missouri law and federal employment discrimination caselaw that is consistent with Missouri law." _Li Lin v. Ellis_, 594 S.W.3d 238, 242 (Mo. 2020)(judgment notwithstanding the verdict granted to employer where employee requested reasonable accommodation for herniated disc had not stated cognizable claim under the MHRA).

**DISCUSSION**

**I.**     **RELIGIOUS ORGANIZATIONS SUCH SAH ARE EXEMPT FROM THE MHRA.**

To state a claim for disability discrimination, a plaintiff must allege facts sufficient to show that the Plaintiff (1) is legally disabled, (2) was discharged, and (3) the disability was a motivating factor in Plaintiff's discharge. RSMo. 213.010 et seq.; _Hervey v. Mo. Dep't of Corr._, 379 S.W.3d 156, 160 (Mo. 2012). For disability to be a motivating factor, a Complainant's disability must have "actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." RSMo. §213.010. Further, to establish the first element of a discrimination claim, a Plaintiff must allege facts that show her impairment, with or without reasonable accommodation, does not interfere with performing the essential functions of her job. _Ashby v. Woodridge of Mo., Inc._, 673 S.W.3d 537, (S.D. 2023).

To be entitled to any remedy, however, Plaintiff must have alleged facts that establish the alleged unlawful employment practice was committed by an _employer_ within the definition of the MHRA. _Najib v. Mo. Comm'n on Human Rights_, 645 S.W.3d 528, 541 (W.D. 2022); RSMo. 213.010 et seq. Whether an employer is "owned and operated by a religious or sectarian group is a question of law, not jurisdiction." _Kammerzell v. St Luke's Episcopal-Presbyterian Hosps._, 2012

3

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

U.S. Dist. LEXIS 24542, at *9-10 (E.D. Mo. February 27, 2012). "Section 213.010(8) provides a definition for 'employer,' and further provides that the term 'employer' 'does not include corporations and associations owned or operated by religious or sectarian organizations.'" *Najib*, at 541*;* RSMo. 213.010.8. As such, religious and sectarian groups are routinely excluded from this definition. See *Cole v. St. Francis Med. Ctr.*, 2016 U.S. Dist. LEXIS 179529, at *11 (E.D. Mo. December 29, 2016) (medical center under the jurisdiction of the Bishop of the Roman Catholic diocese of Springfield-Cape Girardeau and operated as a Catholic Hospital exempt from the MHRA); *Wirth v. College of the Ozarks*, 26 F. Supp. 2d 1185, 1188 (W.D. Mo. August 28, 1998)(employer's motion to dismiss granted as College of the Ozarks, a Presbyterian college, clearly meets definition of a religious corporation and therefore is not subject to MHRA); *Perry v. Seton Ctr., Inc.*, 2011 U.S. Dist. LEXIS 6311 (W.D. Mo. January 24, 2011)(employer's motion to dismiss granted and employee's motion for leave to amend denied "[i]nasmuch as Seton Center is owned and operated by a religious or sectarian group, it is not an 'employer' under the [MHRA] which excludes from the definition of employer "corporations and associations owned and operated by religious and sectarian groups"); *Young v. St. John's Mercy Health Sys.*, 2011 U.S. Dist. LEXIS 29, *12-14 (E.D. Mo. 2011) (St. John's Mercy Health System, a nonprofit corporation operating for religious purposes, was "owned and operated" by a religious or sectarian group and exempt under the MHRA).

Here, Plaintiff has specifically alleged that SAH is owned by a religious organization. Plaintiff's Petition specifically pleads that SAH "is a senior living facility … established … in 1935 and is owned by the Carmelite Sisters of the Divine Heart of Jesus." Petition at ¶2. Plaintiff has further plead that Plaintiff's supervisor was a Catholic sister, "Sr. Mary Faustina." Petition at ¶5. Importantly, Plaintiff has not pled that SAH is an employer within the definition of the MHRA;

4

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

indeed, it is not. The Carmelite Sisters of the Divine Heart of Jesus ("Carmelite Sisters") is, as its name evidences, a religious organization. Because Defendant SAH is owned by the Carmelite Sisters, a religious organization, it is therefore, by the MHRA's own terms, not an "employer." Further, supporting this, SAH is operated by supervising employees who are members of the religious community. Petition at ¶5. Therefore, as the aforementioned caselaw elucidates, SAH should be dismissed with prejudice as a matter of law from the claim herein alleged since it is not an employer as defined by the MHRA and therefore exempt from its application.

## CONCLUSION

Plaintiff has failed to state a claim as a matter of law because Plaintiff has not alleged that defendant is an employer as defined by the MHRA. Because Plaintiff has specifically alleged SAH is a religious entity owned by the Carmelite Sisters of the Divine Heart of Jesus, SAH is exempt from the MHRA and must be dismissed pursuant to Section 213.010(8) of the MHRA, which does not include corporations and associations owned or operated by religious or sectarian organizations within its definition of employer. As such, Plaintiff has therefore failed to state a cause of action.

REICHARDT NOCE & YOUNG LLC

By:____/s/Catherine M. Robertson_____
MATTHEW H. NOCE              #57883
mhn@reichardtnoce.com
CATHERINE M. ROBERTSON    #63200
cmr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile

Attorneys for Defendants

Electronically Filed - ST LOUIS COUNTY - November 03, 2023 - 03:08 PM

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing was filed via Missouri Courts e-Filing System with a copy of the foregoing being served electronically this 3rd day of November 2023 on all counsel of record.

_____/s/Catherine M. Robertson_____

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
TWENTY-FIRST JUDICIAL CIRCUIT
STATE OF MISSOURI

MICHELE MARTCHINK            )
                            )
            Plaintiff,       )
                            )        Case No. 23SL-CC04074
vs.                          )
                            )        Division:
ST. AGNES HOME               )
                            )
            Defendant.       )

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff Michele Martchink, by and through her undersigned attorney, and argues that Defendant St. Agnes Home's Motion to Dismiss should be DENIED.

### SUMMARY OF FACTS

On or around September 26, 2023, Plaintiff Martchink filed a lawsuit against her previous employer, Defendant St. Agnes Home alleging disability discrimination for refusing to accommodate Plaintiff. On or around November 13, 2023, Defendant St. Agnes Home filed a Motion to Dismiss, arguing that (a) Defendant St. Agnes Home is owned by the Carmelite Sisters of the Divine Heart of Jesus, (b) Plaintiff has failed to allege facts to state a claim against an "employer" as defined by the MHRA and (c) the MHRA's definition of employer does not include religious organizations. Defendant's Motion to Dismiss, at ¶¶ 6-7. Nowhere in its Motion to Dismiss does Defendant St. Agnes Home assert that its accommodation decisions were based upon Plaintiff Martchink's failure to abide by its religious values. Defendant's Motion to Dismiss should be DENIED for the reasons listed below.

### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted should not be granted unless "taking all factual allegations as true, plaintiff's pleadings are insufficient to

1

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

establish a cause of action." *Grewell v. State Farm Mut. Auto. Ins. Co., Inc.*, 102 S.W.3d 33, 35-36 (Mo. banc 2003); Rule 55.27(a)(6). On a motion to dismiss for failure to state a claim, the Court should construe the petition favorably, giving the pleader the benefit of every reasonable intendment concerning the facts alleged, and if the allegations invoke principles of substantive law that may entitle him or her relief, the petition is not to be dismissed. *Mays-Maune & Assoc., Inc. v. Werner Bros., Inc.*, 139 S.W.3d 201, (Mo. App. E.D. 2004); *see also Wiley ex rel. Situated v. Daly*, No. ED102019, at *7 (Mo. Ct. App. Aug. 11, 2015). A motion to dismiss cannot be granted on "on grounds that are not stated in the motion." *Breeden v. Hueser*, 273 S.W.3d 1, 6 (Mo. App. W.D. 2008).

## DISCUSSION

### 1. *Defendant's Argument Must Fail, Because State Law Must Not Trump Federal Law*

Federal preemption derives from the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2; *Connelly v. Iolab Corp.,* 927 S.W.2d 848, 851 (Mo. banc 1996). "In determining if a federal statute preempts a state cause of action, the purpose of Congress in enacting the federal statute is the ultimate touchstone." *Connelly,* 927 S.W.2d at 851; *Malone v. White Motor Corp.,* 435 U.S. 497, 504 (1978). A "federal law will preempt state law only when it is the clear and manifest purpose of Congress to do so." *State ex rel. Proctor v. Messina,* 320 S.W.3d 145, 148 (Mo. banc 2010) (citing *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664 (1993)). Congressional intent to preempt a state remedy arises in three situations: express preemption, field preemption, and conflict preemption. *Arizona,* 132 S.Ct. at 2500; *Connelly,* 927 S.W.2d at 851. To determine whether state law is preempted by a federal statute, we examine the text and structure of the federal statute. *Messina,* 320 S.W.3d at 148.

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

State laws are also preempted by implication when they actually conflict with federal law. *Arizona,* 132 S.Ct. at 2501. A conflict can occur either because compliance with both the federal and state law is "a physical impossibility" or because the challenged state law " 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Id.* (quoting *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43 (1963), and *Hines v. Davidowitz,* 312 U.S. 52, 67 (1941)); *see Paul,* 910 S.W.2d at 292.

### 2. Defendant's Argument Must Fail, Because Conflict Preemption Exists Between the Missouri Human Rights Act and Title I of the Americans with Disabilities Act.

Conflict preemption is a form of implied preemption. "That is, it arises not from the express words of the federal statute or regulation itself, but rather from the fact that enforcement or application of the state law at issue would necessarily conflict with enforcement of the federal law, and hence the state law must be held to be preempted." *Paul,* 910 S.W.2d at 292 (citing *Florida Lime and Avocado Growers, Inc.,* 373 U.S. at 141–42). "Because it is a form of implied preemption, conflict preemption also will not be lightly presumed where, as here, it is alleged that a conflict exists between federal law and an area of law normally reserved to the states"—in this case, a state criminal forgery statute. *See Paul,* 910 S.W.2d at 292; *White,* 831 S.W.2d at 664.

Here, Section I of the ADA, which applies to discrimination in employment, states the following with regards to religious entities:

> *This subchapter shall not prohibit a religious corporation, association, educational institution, or society from giving preference in employment to individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities.*

> *Id.* at § 12113(d).

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

By this logic, it appears that the exemption mentioned in Title I the ADA is limited merely to aspects of the individual's religion. This portion fits in conformity with the religious exemption defense in Title VII religious discrimination. *Compare id. with* 42 U.S. Code § 2000e–1(a) ("This subchapter shall not apply to . . . a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities").

In analyzing the purposes of Title I of the ADA, it is clear that Congress intended the federal statute "to provide a clear and comprehensive *national* mandate for the elimination of discrimination against individuals with disabilities." 42 U.S. Code § 12101. Another objective that Congress had in mind was "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." *Id.* Finally, upon reading Congress' findings, there is nothing indicating that religious organizations are exempt from discriminating against disabled employees, such as Plaintiff Martchink.[1] Some courts have suggested the same. *See e.g.*

---

[1] The Congress finds that-

    (1)  physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

    (2)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (3)  discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (4)  unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

    (5)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

*Herx v. Diocese of Fort Wayne-South Bend Inc*., 48 F. Supp. 3d 1168, 1180 (N.D. Ind. 2014) (emphasizing that Plaintiff was entitled to a chance to show that the Diocese's proffered justification wasn't its true reason for nonrenewing her contract, but that her infertility was); *Ockletree v. Franciscan Health Sys*., CASE NO. 11-cv-05836 RBL (W.D. Wash. Dec. 11, 2012).

By contrast, the MHRA defines discrimination as "conduct proscribed herein, taken because of race, color, religion, national origin, ancestry, sex, or age as it relates to employment, disability, or familial status as it relates to housing." The MHRA's definition of employer does not include "corporations and associations owned or operated by religious or sectarian organizations." In other words, the MHRA exempts religious organizations from all forms of discrimination and wrongful termination, even if they are unrelated to the religious organization's activities. This conflicts with Title I of the ADA.

Furthermore, in terms of the broad scope of its religious exemption, the MHRA is similar to the Washington Law Against Discrimination (WLAD). *See Ockletree*, 11-cv-05836 RBL at *10. The court in *Ockletree* held that Plaintiff's claims of race and disability were wholly unrelated to FHS' religious purpose, practice, or activity and questioned the constitutionality of WLAD's broad religious exemption, at least in this context. *Id.* at *14. Accordingly, that Court certified this question to the Washington Supreme Court and denied Defendant's motion to dismiss without prejudice. For these reasons, we argue that Defendant St. Agnes Home's motion be denied as well.

---

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(8) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

*See id.*

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

3.  *Plaintiff's Matter Is Distinct from the Cases that Defendant Relies Upon, And Thus Their Argument is Unconvincing.*

In support of its argument that religious and sectarian groups such as Defendant are routinely excluded from this definition and dismissed from MHRA claims by Courts, Defendant cites several cases, all of which are inapplicable in this matter. In *Wirth v. College of the Ozarks*, 26 F. Supp. 2d 1185, 1188 (W.D. Mo. 1998) Plaintiff asserts that the College of the Ozarks retaliated and otherwise discriminated against him by terminating his employment on the basis of age and religion pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In *Perry v. Seton Ctr., Inc.*, 2011 U.S. Dist. LEXIS 6311 at *1-2 (W.D. Mo. January 24, 2011), Plaintiff alleged that she was subjected to racial discrimination and retaliation while employed with Defendant and asserted two counts: one seeking relief under the MHRA and another seeking relief under 42 U.S.C. § 1981.[2] Similarly, in *Young v. St. John's Mercy Health Sys.*, 2011 U.S. Dist. LEXIS 29, *12-14 (E.D. Mo. 2011), the Plaintiff alleged racial discrimination, along with age discrimination.

None of the aforementioned cases involve disability discrimination. It is true that Defendant cites to one case where a medical center under the jurisdiction of the Bishop of the Roman Catholic diocese of Springfield-Cape Girardeau that operated as a Catholic Hospital was exempt under the ADA and the MHRA. *See Cole v. St. Francis Med. Ctr.*, 2016 U.S. Dist. LEXIS 179529, at *11 (E.D. Mo. December 29, 2016). However, the *Cole* case involves disability discrimination with respect to *public accommodations*, not employment. *Id.* atNo conflict preemption exists with *Cole*, because Title III of ADA does not apply to "religious organizations

---

[2] It is unclear as to why Perry dropped the Section 1981 claim. She may have believed that removing the federal claim would lead to a remand to state court. However, Perry did not file a motion to remand. In any event, the propriety of removal is determined by the pleadings at the time of removal (when, in this case, there was a basis for the exercise of federal question jurisdiction). It should also be noted that Perry's failure in filing her lawsuit within the 90-day limitations period upon the issuance of her right-to-sue letter.

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

or entities controlled by religious organizations, including places of worship." 42 U.S.C. § 12187; *see also* 28 CFR Appendix C to Part 36 ("The ADA's exemption of religious organizations and religious entities controlled by religious organizations is very broad, encompassing a wide variety of situations. Religious organizations and entities controlled by religious organizations have no obligations under the ADA. Even when a religious organization carries out activities that would otherwise make it a *public accommodation*, the religious organization is exempt from ADA coverage. . . .").

4. ***Opportunity to Amend Plaintiff Martchink's Petition***

Should Defendant's Motion to Dismiss Plaintiff's MHRA claim be granted, we request that in the alternative, Plaintiff Martchink may be granted leave to file her First Amended Petition to include a discrimination claim under the ADA. Plaintiff Martchink's Right to Sue was recently obtained by the Equal Employment Opportunity Commission (EEOC).

## CONCLUSION

For the foregoing reasons, Plaintiff Martchink requests that this Court DENY Defendant St. Agnes Home's Motion to Dismiss. Alternatively, we request that Plaintiff Martchink may be granted leave to file her First Amended Petition to include a discrimination claim under the ADA.

Respectfully submitted,

**OTT LAW FIRM**

Joseph A. Ott, #67889

Mark E. Blankenship Jr., #73123

7

Electronically Filed - ST LOUIS COUNTY - December 12, 2023 - 12:00 PM

3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I caused a copy of the forgoing to be served upon all counsel of record this 12th Day of December 2023 through the Court's e-filing system.

**REICHARDT NOCE & YOUNG LLC**

Matthew H. Noce #57883
mhn@reichardtnoce.com
Catherine M. Robertson #63200
cmr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO 63131
314/789-1199
314/754-9795 – Facsimile
*Attorneys for Defendants*

*/s/ Mark E. Blankenship Jr.*

8

In the
**CIRCUIT COURT**
of St. Louis County, Missouri

Plaintiff(s)  Martin _____

vs.

Defendant(s)  St. Agnes Home _____

Date  12/14/23

Case Number  23SL-CC04074

Division  3

For File Stamp Only

FILED

DEC 14 2023

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Order

Defendant's Motion to Dismiss called

And taken under advisement. Defendant to

file reply memo in support w/in 10 days.

**SO ORDERED**

Attorney _____

Address _____

Phone No. _____

Bar No.  67289

(314) 365-9860

Fax No.

Attorney  #63200 for Δ.

Bar No.

Address _____

Phone No. _____

Fax No.

Judge _____

ENTERED:  12/14/2023
(Date)

CCOPR47 Rev. 0/95

Electronically Filed - ST LOUIS COUNTY - December 26, 2023 - 12:45 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MICHELLE MARTCHINK        )
)
     Plaintiff,        )
)     Cause No. 23SL-CC04074
vs.        )
)     Div. 3
ST. AGNES HOME        )
)
     Defendant.        )

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ITS MOTION TO DISMISS

COMES NOW Defendant St. Agnes Home ("SAH"), by and through its counsel, Reichardt Noce & Young LLC, and for its Reply to Plaintiff's Memorandum in Opposition to its Motion to Dismiss, states as follows:

### INTRODUCTION

Defendant SAH has demonstrated in its Motion to Dismiss and Memorandum in Support that Plaintiff's Petition should be dismissed with prejudice because by the four corners of Plaintiff's own pleading, Plaintiff has failed to state a claim in that she has failed to allege that SAH is an employer within the meaning of the Missouri Human Rights Act ("MHRA"). Subsection 213.010(8) of the MHRA, excludes religious organizations from employers covered by the MHRA and that is exactly what Plaintiff has plead SAH is. Petition at ¶2. Specifically, the MHRA provides that the definition of employer "does not include corporations and associations owned or operated by religious or sectarian organizations." RSMo. 213.010.8. Importantly, the facts as alleged in Plaintiff's own pleading establish that SAH is not an employer as defined by the MHRA because Plaintiff has alleged facts which establish that SAH is a religious organization, namely, Plaintiff has alleged that SAH is owned by the Carmelite Sisters of the Divine Heart of

Electronically Filed - ST LOUIS COUNTY - December 26, 2023 - 12:45 PM

Jesus. Petition at ¶2. Indeed, Plaintiff has conceded as much in her Memorandum in Opposition ("Memo"). See Memo at p.5. Because Plaintiff has alleged facts which exclude Defendant SAH from any claim pursuant to the MHRA, SAH's Motion to Dismiss should be granted and SAH should be dismissed from this action with prejudice.

## ARGUMENT

While Plaintiff argues in her Reply that "[n]o where in its motion…does [SAH] assert that its accommodation decisions were based upon Plaintiff's…failure to abide by religious values" (Memo at p.1), this matter is before this court on a motion to dismiss for failure to state a claim to address the sufficiency of Plaintiff's pleading. "A motion to dismiss for failure to state a claim tests whether the petition adequately alleged facts stating a recognized cause of action..." *State ex rel. Tyler Techs., Inc. v. Chamberlain*, 2023 Mo. LEXIS 400, *3 (Mo. 2023). A "motion to dismiss…is solely a test of the adequacy of the plaintiff's petition." *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002). A petition is therefore "reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action..." *Smith v. Humane Soc'y of U.S.*, 519 S.W.3d 789, 798 (Mo. banc 2017). As such, contrary to Plaintiff's argument, Defendant is under no obligation to make any "assertions" at this juncture other than to point out that Plaintiff has failed to allege facts sufficient to state a claim, in that, Plaintiff's allegations establish Defendant is not an "employer" as defined by the MHRA. Plaintiff cites no Missouri case, or other case, that supports her conclusion that an exemption for religious organizations, like the MHRA's exemption for religious organizations from its definition of employer, should apply only in cases specifically relating to religious values. See Section 213.010(8). Indeed, the plain language of the MHRA makes no such distinction. See 213.010 et seq.

Electronically Filed - ST LOUIS COUNTY - December 26, 2023 - 12:45 PM

In her Memorandum in Opposition ("Memo"), Plaintiff concedes that the MHRA excludes religious organizations from its definition of employer. See Memo at 5 ("The MHRA's definition of employer does not include…'religious or sectarian organizations.' In other words, the MHRA exempts religious organizations from all forms of discrimination…even if they are unrelated to the religious organizations activities."). As such, SAH is not an employer under the MHRA and Plaintiff's Petition should be dismissed with prejudice since she has failed to state a claim. Nowhere in Plaintiff's response does she address or clarify how her pleading might state a claim under the MHRA or how SAH might be construed as an employer within the MHRA's definition of employer. Instead, Plaintiff seems to be arguing that her own Petition, drafted by her own counsel, under the cause of action she chose to bring, is preempted by federal law. This is a curious argument and one more akin to that which a defendant might make as a basis for removal of the case to federal court. As such, the point Plaintiff attempts to make is unclear, at best.

If Plaintiff felt her cause of action would be better stated under federal law, Plaintiff certainly had the option to bring her cause of action pursuant to federal law, but that is not what she chose to do in this case.  Instead, Plaintiff elected to bring an action pursuant to the MHRA. As such, this Court should evaluate Plaintiff's cause of action and whether she has stated a claim by the terms of the MHRA – under which, she has failed to state a claim by failing to plead a claim against an employer as defined by the MHRA.

It is worthwhile to note that Plaintiff has not cited a single case addressing the MHRA or the MHRA's exclusion of religious employers from its definition of employer. Nor has Plaintiff cited a single case invalidating the MHRA or stating that the MHRA is in any way preempted by federal law. Instead, Plaintiff cites to _Ockletree v. Franciscan Health Sys._, 2012 U.S. Dist. LEXIS

Electronically Filed - ST LOUIS COUNTY - December 26, 2023 - 12:45 PM

175515 (December 11, 2012), which is an unpersuasive federal case from the Western District of Washington addressing a Washington state statute, which is obviously not the MHRA, and is indeed different than the MHRA.[1]

Further, while Plaintiff spends a great deal of time discussing the legislative intent of the ADA in her Memo, she in no way discusses the legislative intent of the Missouri legislature as it pertains to the MHRA. Plaintiff also does not address the MHRA as it relates to the Missouri Constitution, or the U.S. Constitution for that matter. It is well settled law that in Missouri "[a] statute is presumed to be valid and will not be declared unconstitutional unless it clearly contravenes some constitutional provision." *Mo. Dep't of Nat. Res. v. Hickory Neighbors United, Inc. (In re Trenton Farms RE, LLC)*, 603 S.W.3d 286, 290 (Mo. banc 2020). Further, "[t]he person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates constitutional limitations." *Id*. Additionally, "[t]he primary goal of statutory interpretation is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute." *Gross v. Parson*, 624 S.W.3d 877, 884 (Mo. banc 2021).

Here, the MHRA is presumed valid and the plain text of Section 213.010(8) clearly evidences that "'employer' 'does not include corporations and associations owned or operated by religious or sectarian organizations.'" *Najib v. Mo. Comm'n on Human Rights*, 645 S.W.3d 528,

---

[1] The federal court in *Ockletree* certified two questions to the Supreme Court of Washington to answer whether a Washington state statute was invalid against the constitution of the State of Washington. *Ockletree v. Franciscan Health Sys.*, 2012 U.S. Dist. LEXIS 175515 (December 11, 2012). It is worthwhile to note, that the Washington Supreme Court did not find the Washington statute facially invalid or unconstitutional and further noted the grave implication such a holding might entail, "[w]e are asked to declare as unconstitutional the exemption for *all* religious nonprofits, which extends to not only this case, but all other employers covered by the exemption, including universities, elementary schools, Catholic Community Services, Jewish Family Services, CRISTA Ministries, YMCA, YWCA, Salvation Army, and St. Vincent De Paul. Arguably, churches, synagogues, and mosques would be exposed as well." *Ockletree v. Franciscan Health Sys.*, 179 Wn.2d 769, 777 (Wa. 2014). In finding the statute constitutional, the court further noted, "there are real and substantial differences between religious nonprofits and secular nonprofits that make it reasonable for the legislature to treat them differently." *Id*. at 783.

Electronically Filed - ST LOUIS COUNTY - December 26, 2023 - 12:45 PM

541 (W.D. 2022); RSMo. 213.010.8. Under this definition, SAH is not an "employer," and as such, Plaintiff has not alleged a cause of action and her Petition should be dismissed with prejudice.

Finally, Plaintiff argues that the cases cited by Defendant are distinct and inapplicable because they address claims of age and race discrimination. Plaintiff's argument in this regard is misleading: the type of discrimination alleged in those cases is not what is dispositive to the question before this Court, what is dispositive is that all of those cases involved religious entities and the exemption of those entities from the MHRA's definition of employer. *See Cole v. St. Francis Med. Ctr.*, 2016 U.S. Dist. LEXIS 179529, at *11 (E.D. Mo. Dec. 29, 2016) (medical center under the jurisdiction of the Bishop of the Roman Catholic diocese of Springfield-Cape Girardeau and operated as a Catholic Hospital was exempt from the MHRA); *Wirth v. College of the Ozarks*, 26 F. Supp. 2d 1185, 1188 (W.D. Mo. Aug. 28, 1998) (employer's motion to dismiss granted as College of the Ozarks, a Presbyterian college, clearly meets definition of a religious corporation and therefore is not subject to MHRA); *Perry v. Seton Ctr., Inc.*, 2011 U.S. Dist. LEXIS 6311 (W.D. Mo. Jan. 24, 2011) (employer's motion to dismiss granted and employee's motion for leave to amend denied "[i]nasmuch as Seton Center is owned and operated by a religious or sectarian group, it is not an 'employer' under the [MHRA] which excludes from the definition of employer "corporations and associations owned and operated by religious and sectarian groups"); *Young v. St. John's Mercy Health Sys.*, 2011 U.S. Dist. LEXIS 29, *12-14 (E.D. Mo. 2011) (St. John's Mercy Health System, a nonprofit corporation operating for religious purposes, was "owned and operated" by a religious or sectarian group and exempt under the MHRA).

To be entitled to any remedy under the MHRA, Plaintiff must have alleged facts that establish that the alleged unlawful employment practice was committed by an *employer* within the

Electronically Filed - ST LOUIS COUNTY - December 26, 2023 - 12:45 PM

definition of the MHRA. *Najib*, 645 S.W.3d at 541; RSMo. 213.010 et seq.  Whether an employer is "owned and operated by a religious or sectarian group is a question of law, not jurisdiction." *Kammerzell v. St Luke's Episcopal-Presbyterian Hosps.*, 2012 U.S. Dist. LEXIS 24542, at *9-10 (E.D. Mo. Feb. 27, 2012).  Because "[s]ection 213.010(8) provides a definition for 'employer,' and further provides that the term 'employer' 'does not include corporations and associations owned or operated by religious or sectarian organizations,'" Plaintiff has not stated a claim against an employer within the MHRA and as such her Petition should be dismissed with prejudice. *See Najib*, 645 S.W.3d at 541; RSMo. 213.010.8.

## CONCLUSION

Plaintiff's cause of action must be dismissed with prejudice for failure to state a claim because she has failed to allege Defendant SAH is an employer as defined by the MHRA. While Plaintiff argues in her Memo that the MHRA is preempted by federal law, this argument is nonsensical as Plaintiff is arguing against her own pleading and the cause of action she chose to bring.  Plaintiff has not cited a single case in support of her position which specifically invalidates the MHRA, or adopts her position as applied to the MHRA.  Missouri statutes are presumed valid and legislative intent is garnered from the plain text of the statute.  In this case, the plain text of the MHRA excludes religious organizations from the definition of employer.  As such, Plaintiff's Petition should be dismissed with prejudice as Plaintiff has specifically pled that SAH is a religious organization that is owned by the Carmelite Sisters of the Divine Heart of Jesus.

WHEREFORE, Defendant respectfully requests this Court dismiss Plaintiff's Petition with prejudice and for any further relief this Court deems just and proper.

Electronically Filed - ST LOUIS COUNTY - December 26, 2023 - 12:45 PM

REICHARDT NOCE & YOUNG LLC

By:   /s/Catherine M. Robertson
MATTHEW H. NOCE                    #57883
mhn@reichardtnoce.com
CATHERINE M. ROBERTSON      #63200
cmr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile

Attorneys for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing was filed via Missouri Courts e-Filing System with a copy of the foregoing being served electronically this 26th day of December, 2023 on all counsel of record.

_/s/Catherine M. Robertson_

FILED
01/09/24
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **Michele Marchink,** | |
| **Plaintiff,** | |
| **v.** | **Cause No.  23SL-CC04074** |
| **St. Agnes Home,** | **Division       3** |
| **Defendant.** | |

## ORDER AND JUDGMENT REGARDING DEFENDANTS MOTION TO DISMISS

On December 7, 2023, Defendant's Motion to Dismiss and Plaintiff's Memo in Opposition called, heard, submitted, and taken under advisement.  The Court granted Defendant 10 days leave to file a reply.  On December 26, 2023, the Defendant filed its Reply.

NOW THEREFORE, the Court having considered the record, case law, statutes, rules, the evidence, and arguments submitted by the parties, if any, the Court, now being fully advised, hereby enters:

FACTS

On or about September 26, 2023, Plaintiffs filed a Petitioner alleging discrimination and retaliation under the Missouri Human Rights Act § 213.010 (MHRA). On November 3, 2023, Defendant filed a Motion to Dismiss requesting the Court dismiss the Petition with prejudice as Plaintiff failed to state a claim against an employer as defined by MHRA because Plaintiff specifically plead facts that establish that Defendant is exempt from MHRA's definition of employer because it owed by a religious organization.  Plaintiff argues that state law must no trump federal law, conflict

presumption exists between MHRA and Title I of the American Disabilities Act (ADA), and in the alternative leave to amend to file a First Amended Petition to include a discrimination claim under ADA as Plaintiff's recently obtained Right to Sue by the Equal Employment Opportunity Commission (EEOC).

I.      Motion to Dismiss under MHRA

To be entitled to any remedy, Plaintiff must have alleged facts that establish the alleged unlawful employment practice was committed by an employer within the definition of the MHRA. *Najib v. Mo. Comm'n on Human Rights*, 645 S.W.3d 528, 541 (W.D. 2022). "Section 213.010(8) provides a definition for 'employer,' and further provides that the term 'employer' 'does not include corporations and associations owned or operated by religious or sectarian organizations. RSMo. 213.010.8.

In the case, *Farrow v. Saint Francis Medical Center*, the Court held that the Defendant in that case could not qualify for the statutory exclusion for employers that are corporations and associations owned and operated by religious or sectarian groups because it could not show that it was owned by a religious or sectarian group. *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 592 (Mo. 2013).  It just showed that the articles of incorporation required the hospital to be operated as a Catholic Hospital. *Id.* Furthermore, Farrow discussed a requirement that the religious organization require their religion for employment to fit into the exclusion. *Id.* However, that requirement, which was laid out in 8 C.S.R. 60–3.010(9), was amended in 2018 and is no longer a requirement. Now the regulation simply says, "A corporation or association must be owned or operated by a religious or sectarian group to be exempt as an employer under RSMo § 213.010(8). CSR tit. 8, § 60-3.010. Therefore, *Farrow* is distinguishable from our case.

2

Here, the Defendant argues that they are not an employer within the MHRA because the undisputed facts show that Carmelite Sisters of the Divine Heart of Jesus owns St. Agnes Home.  The Plaintiff plead St. Agnes Home is owned by a religious organization. Furthermore, the Plaintiff's petition also alleges that her supervisor was a member of the religious community, a Catholic sister, Sr. Mary Faustina. Therefore, the Court finds that the Defendant is owned and operated by a religious organization and would be excluded from the definition of employer under the MHRA.

While the MHRA and ADA are coextensive, "the protections provided by federal statutes like the ... ADA are not identical to those provided by the MHRA." *Wells v. Lester E. Cox Med. Ctrs*., 379 S.W.3d 919, 925 (Mo. App. 2012). "If the wording in the MHRA is clear and unambiguous, then federal case law which is contrary to the plain meaning of the MHRA is not binding." *Li Lin v. Ellis*, 594 S.W.3d 238, 242 (Mo. 2020). Conflict preemption is a form of implied preemption that arises not from the express words of the federal statute or regulation itself, but rather from the fact that enforcement or application of the state law at issue would necessarily conflict with enforcement of the federal law, and hence the state law must be held to be preempted." *Paul*, 910 S.W.2d at 292 (citing *Florida Lime and Avocado Growers, Inc*., 373 U.S. at 141–42).   "A statute is presumed to be valid and will not be declared unconstitutional unless it clearly contravenes some constitutional provision." *Mo. Dep't of Nat. Res. v. Hickory Neighbors United, Inc*. (In re Trenton Farms RE, LLC), 603 S.W.3d 286, 290 (Mo. banc 2020). Further, "[t]he person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates constitutional limitations." *Id*. Additionally, "[t]he primary goal of statutory interpretation is to give effect to legislative intent, which is

most clearly evidenced by the plain text of the statute." *Gross v. Parson*, 624 S.W.3d 877, 884 (Mo. banc 2021).

In this matter, the Plaintiff cites to no case law to support the notion that conflict preemption exists. The Defendant appropriately argues in their brief that this argument would be apt if Plaintiff were trying to remove the case to federal court, but Plaintiff makes no such request.  It appears to the Court that Plaintiff attempt is to get MHRA invalidated due to preemption.  The Court finds conflict preemption does not exist. The MHRA does not stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress as it does not allow the discrimination of people with disabilities.

Furthermore the Court finds Defendant is correct arguing that Plaintiff  fails to meet her burden if she is trying to challenge the constitutionality of the statute. The Court finds Plaintiff does not make a compelling argument for either preemption or constitutionality. The Court finds Plaintiff fails to cite any case law from Missouri either invalidating the religious exemption or showing that it is preemption exists. Plaintiff cites *Ockletree v. Franciscan Health Sys.*, 2012 U.S. Dist. LEXI175515 (December 11, 2012) an unreported federal case discussing a Washington case discussing their state statute's constitutionality against the Washington state constitution, not the MHRA.  Therefore, the Court denies Plaintiff's argument of conflict presumption.

II.      Leave to File First Amended Petition

Plaintiff advises the Court that she received a Right to Sue by the Equal Employment Opportunity Commission (EEOC).  Plaintiff requests that if the Court grants the Defendant's Motion to Dismiss that the Court grant leave to allow Plaintiff to file a First

Amended Petition of a discrimination claim under the ADA.  Over the objection of the Defendants, the Court GRANTS Plaintiff's request.

Upon due consideration of each, including but not limited to cases, rules and statutes, and the briefing of the parties and the arguments of counsel, and for reasons, the Defendant's Motion to Dismiss, the Court GRANTS the Defendant's Motion.

However, the Court GRANTS Plaintiff 15 days leave from the date of this Court's order to file a First Amended Petition, over the objection of Defendant.

Cc: Attorneys/parties of record

**SO ORDERED:**

Judge                    Division 3

January 8, 2024

5