IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
TWENTY-FIRST JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| MICHELE MARTCHINK ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | Division: |
| ST. AGNES HOME ) | |
| ) | **JURY TRIAL DEMANDED** |
| To be served at: ) | |
| ) | |
| Manager on Duty | |
| 10341 Manchester Rd. ) | |
| St. Louis, MO 63122 ) | |
| ) | |
| Defendant. ) | |

**PETITION**

COMES NOW Plaintiff Michele Martchink, by and through her undersigned attorney, and for her Petition states the following:

**PARTIES AND JURISDICTION**

1.  Plaintiff Martchink is a Japanese-American Caucasian female who was born with facial paralysis of the 7th and 8th cranial nerves, has held a BSN since 1997, and is a resident of St. Louis County Missouri

2.  Defendant St. Agnes Home is a senior living facility in St. Louis County Missouri that was established back in 1935 and is owned by the Carmelite Sisters of the Divine Heart of Jesus.

3.  Venue is appropriate in St. Louis County, because Plaintiff's workplace discrimination occurred in St. Louis County.

1

## STATEMENT OF FACTS

4.On or around January 21, 2020, Plaintiff Martchink started her part-time employment with St. Agnes Home as a registered nurse/charge nurse.

5.Plaintiff Martchink worked under Sr. Mary Faustina and made $35/hr within 24–34-hour weeks.

6.Plaintiff Martchink has not had any performance complaints.

7.On or around February 26, 2021, Plaintiff Martchink began experiencing frequent instances of passing out.

8.Upon seeking medical treatment, Plaintiff Martchink was diagnosed with postural orthostatic hypertension syndrome with tachycardia. This health condition is characterized by an abnormally large increase in heart rate upon standing, and has also been shown to emerge in previously healthy patients after COVID-19.

9.On or around October 6, 2022, Plaintiff Martchink filed her request for accommodation with her employer, which provides that she not lift more than 10 pounds, not push carts for more than 50 yards, and resting times to monitor changes in blood pressure. Plaintiff Martchink's request for accommodation was supplemented by a doctor's note from her physician, Michael Snyder, MD.

10.Since then, Plaintiff Martchink had been taken off of the schedule and had been told at least a dozen times to have her doctor amend her work release restrictions to conform with the job description as a charge nurse.

11.Defendant St. Agnes Home would directly contact Dr. Snyder about amending such work release restrictions and would deny Martchink's FMLA, despite requesting FMLA paperwork.

12. Defendant St. Agnes Home would completely disregard Plaintiff Martchink's disability accommodations and work release restrictions requested by her doctor and refuse to schedule Plaintiff for any work hours, unless she removed her restrictions.

13. On or around _, Plaintiff Martchink dual-filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR).

14. Plaintiff's notice of her right to sue is attached herein Plaintiff's Petition, which has been filed within 90 days upon receipt of such notice.

**COUNT I: DISABILITY DISCRIMINATION AND RETALIATION UNDER THE MISSOURI HUMAN RIGHTS ACT MO. REV. STAT. § 213.010 (MHRA) AGAINST DEFENDANT ST. AGNES HOME**

COMES NOW Plaintiff Sandra Vaughn, and for her claim of employment discrimination, states as follows:

15. Plaintiff adopts and reincorporates all of the above paragraphs here again.

16. Plaintiff restates all paragraphs of this Complaint.

17. Plaintiff Martchink is, and was at all times relevant herein, an individual with a disability.

18. Plaintiff Martchink is, and was at all time relevant herein, a protected class under the MHRA.

19. Plaintiff Martchink has a physical disability that substantially limits, at minimum, her major life activities of standing, lifting, and bending.

20. Plaintiff Martchink had disclosed her medical condition to Defendant St. Agnes Home.

3

21. On or about August 26, 2021, Plaintiff Martchink requested accommodations for his degenerative disc disease, a medical condition covered under the Americans with Disabilities Act.

22. Defendant St. Agnes Home had a duty to comply under the MHRA.

23. Defendant St. Agnes Home has discriminated against Plaintiff Martchink on the basis of her disability for:

  a. completely disregarding Plaintiff Martchink's accommodations and work release restrictions requested by her doctor;

  b. directly contacting Plaintiff Martchink's doctor to amend her work release restrictions; and

  c. refusing to schedule Plaintiff Martchink for any work hours, unless she removed her restrictions.

24. Plaintiff Martchink's disability was a motivating factor in Defendant St. Agnes Home's discrimination.

25. As a direct and proximate cause of the failure of Defendant St. Agnes Home to comply with the MHRA, Plaintiff Martchink continues to suffer financial losses and emotional distress due to Defendant's failure to provide accommodation for her to work.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor, for damages arising from Defendant's discriminatory conduct, attorneys' fees, punitive damages and post judgment interest, and for any other relief as may be just and proper.

4

Respectfully submitted,

**OTT LAW FIRM**

_____
Joseph A. Ott, #67889

_____
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

5