UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE MARTCHINK | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:24-cv-00192 SPM |
| ST. AGNES HOME | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## DEFENDANT ST. AGNES HOME'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Defendant St. Agnes Homes ("SAH"), by and through the undersigned counsel, pursuant to Rule 12(b)(6) and files its Memorandum of Law in Support of its Motion to Dismiss.

### INTRODUCTION

Plaintiff originally filed her lawsuit in state court asserting a single count of disability discrimination against SAH pursuant to Section 213.010 of the Missouri Human Rights Act ("MHRA"). SAH filed a motion to dismiss in which it argued that Plaintiff failed to state such claim as SAH was not an employer under the MHRA, which was granted on January 9, 2024. In its Order, the state court granted Plaintiff leave to file a First Amended Petition ("FAP") [Doc. 12-1], which Plaintiff filed on January 24, 2024. In the FAP, Plaintiff attempts to bring a claim for "disability discrimination and retaliation" as a single count pursuant to the Americans with Disabilities Act ("ADA"). Following the filing of the FAP, SAH timely removed the case to this court pursuant to 28 U.S.C. §1331 as this case involves a federal question.

SAH now moves to dismiss the FAP for the reason that Plaintiff has failed to state a claim. Specifically, Plaintiff has failed to allege the essential elements of a cause of action for either

disability discrimination or retaliation, namely: (1) Plaintiff has not alleged that she is disabled within the meaning of the ADA, or (2) that she can perform the essential functions of her job, with or without accommodation. For these reasons, Plaintiff's FAP should be dismissed.

## FACTS ALLEGED[1]

SAH is a senior living facility owned by the Carmelite Sisters of the Divine Heart of Jesus. FAP [Doc. 12-1] at ¶2. In January 2020, Plaintiff was hired by SAH for the position of charge nurse. *Id*. at ¶4. In February 2021, Plaintiff began experiencing frequent instances of passing out and was diagnosed with orthostatic hypertension syndrome with tachycardia. *Id*. at ¶¶7-8. In October 2022, Plaintiff filed a request for accommodation that she not lift more than 10 pounds, not push carts for more than 50 yards, and have time to rest. *Id*. at ¶9. Plaintiff alleges she was then taken off the schedule and asked to amend her work restrictions to conform with her job description as a charge nurse. *Id*. at ¶10.[2] Plaintiff subsequently filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter. *Id*. at ¶¶13-14. This lawsuit follows.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of

---

[1] While SAH disputes Plaintiff's allegations, it will assume such facts as true solely for the purposes of this Motion.
[2] A reasonable inference therefrom might be that her work restrictions did not conform with the job description of charge nurse, and that Plaintiff was not able to perform the essential functions or her job.

unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001) (*citing Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989)). Importantly, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co. Inc.,* 524 F.3d 866, 870 (8th Cir. 2008). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to defeat a motion to dismiss." *Iqbal,* 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**I. THE FAP FAILS TO STATE A CLAIM OF DISCRIMINATION OR RETALIATION BECAUSE PLAINTIFF HAS NOT ALLEGED THAT SHE WAS DISABLED WITHIN THE MEANING OF THE ADA OR ABLE TO PERFORM THE ESSENTIAL FUNCTIONS OF HER JOB.**

To state a claim under the ADA, a plaintiff must allege facts sufficient to support she: (1) is disabled within the meaning of the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of her job; and (3) that she suffered an adverse employment action because of the disability. *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005)*; Denison v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370 (8th Cir. 2018).

    **A.**    **The Factual Allegations Are Insufficient To Establish That Plaintiff Was Disabled Under the ADA.**

As stated above, a necessary element to state a cause of action for either disability discrimination or retaliation is that the Pliantiff was disabled within the meaning of the ADA. *Id*.

3

Whether Plaintiff has pleaded facts sufficient to allege she has a disability within the meaning of the ADA is a threshold question and requirement for coverage under the ADA. *Fenney v. Dakota, Minn. & R.R. Co.*, 327 F.3d 707, 713 (8th Cir., 2003). Under the ADA, disability means: "(i) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (ii) a record of such an impairment; or (iii) being regarded as having such an impairment…" 28 C.F.R. §35.108; *Hustvet v. Allina Health Sys.*, 910 F.3d 399, 410 (8th Cir. 2018); *see also* 29 C.F.R. §1630.2(o)(4) (providing that a covered entity "is not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the 'regarded as' prong (paragraph (g)(1)(iii) of this section)").

"Critically, '[e]vidence of a medical diagnosis of an impairment is insufficient'" on its own to allege a disability. *Wilkinson v. Farmers Holding Co.*, No. 1:23-cv-4 SNLJ, 2023 U.S. Dist. LEXIS 44401, at *3 (E.D. Mo. Mar. 16, 2023) *citing Samuels v. Kansas City Missouri Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006). Similarly, while basic motor functions such as standing, lifting, and bending are major life activities, restrictions on said activities are not enough to establish a disability without more. *Nuzum v. Ozark Auto. Distribs.*, 432 F.3d 839, 844-45 (8th Cir. 2005) (summary judgment to employer affirmed where Plaintiff failed to show limitations on doing manual tasks were substantial because "once a major life activity has been identified, the ADA plaintiff must show that his ability to perform the activity is 'substantially limited' by the impairment."); *see Mellon v. Fed. Express Corp.*, 239 F.3d 954, 957 (8th Cir. 2001) (disability claim based on restriction of lifting no more than 15 pounds rejected); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1025 (8th Cir. 2003) (no evidence of substantial limitation where plaintiff could dress, groom and feed himself, work out on a treadmill, etc.); *Taylor v. Nimock's Oil Co.*, 214 F.3d 957, 960 (8th Cir. 2000) (no substantial limitation where plaintiff had only moderately abridged

4

abilities to do yard work, clean house, etc.); <u>Conant v. City of Hibbing</u>, 271 F.3d 782, 785 (8th Cir. 2001) (per curiam) ("This court has repeatedly held that the type of work restriction at issue in this case [no lifting more than 30 pounds and no repeated bending or squatting] does not amount to a 'disability' within the meaning of the ADA."); <u>Brunko v. Mercy Hosp.</u>, 260 F.3d 939, 941 (8th Cir. 2001) ("Although lifting itself is identified as a major life activity, this court has held that a general lifting restriction without more is insufficient to constitute a disability within the meaning of the ADA.").

In <u>Scheffler v. Dohman</u>, the Eighth Circuit affirmed the district court's dismissal of a disability claim under the ADA where plaintiff failed to allege facts that would support he had a disability within the meaning of the ADA. 785 F.3d 1260 (8th Cir. 2015). There, the plaintiff alleged that statutes and rules under which he had repeatedly lost his driving privileges due to several driving while impaired offenses violated the ADA. <u>Id</u>. at 1261. The Court, however, found that such allegations failed to state a claim because he had not actually claimed to be an alcoholic or that his alcoholism *causes* him to be substantially limited in a major life activity. <u>Id</u>.

Here, like in <u>Scheffler</u>, Plaintiff has alleged certain conditions but has failed to allege that those conditions *cause* her to be substantially limited in any major life activity. For example, at the outset of her FAP, Plaintiff alleges that she was born with facial paralysis, but this is not further mentioned in the FAP and its relevance to her claim is wholly unclear. <u>See</u> FAP [Doc. 12-1] at ¶1. Next, Plaintiff alleges that in February 2021 she began experiencing frequent instances of passing out. <u>Id</u>. at ¶7. Again, this fact is not further mentioned in the FAP, other than perhaps as it relates to Plaintiff's receipt of a diagnosis of hypertension upon seeking treatment. <u>Id</u>. at ¶8. It was not until nearly eight (8) months after receiving the hypertension diagnosis, that the accommodations at issue in this case were requested by Plaintiff. <u>Id</u>. at ¶9.

5

Plaintiff alleges only in conclusory fashion that she has a disability which she claims substantially limits her major life activities of standing, lifting, and bending. *Id*. at ¶¶18, 20. Plaintiff, though, never alleges that her purported limitations are caused by, or due to, her hypertension diagnosis, and this Court should not make such an inference where Plaintiff has failed to plead factual allegations with sufficient specificity to allege that she has a physical impairment. *See* <u>Carlton v. Union Pac. R.R. Co.</u>, No. 8:23-CV-0211, 2023 U.S. Dist. LEXIS 177663, at *25 (D. Neb. Sep. 29, 2023) *citing* <u>Richardson v. BNSF Ry. Co.</u>, 2 F.4th 1063, 1068 (8th Cir. 2021) (mere conclusory statements that he has an actual disability are insufficient to support a reasonable inference that the defendant is liable). Because Plaintiff has failed to plead facts with sufficient specificity to allege a disability with the meaning of the ADA, Plaintiff has failed to state a claim and this Court should dismiss the FAP for this reason.

B. **The Factual Allegations Are Insufficient To Establish That Plaintiff Was Capable of Performing the Essential Function of Her Job.**

Even if this Court were to find Plaintiff has set forth facts sufficient to allege a disability within the meaning of the ADA, in order to state a claim, Plaintiff must also set forth facts sufficient to allege that she is capable of performing the essential functions of her job. <u>Denson v. Steak 'n Shake, Inc.</u>, 910 F.3d 368, 370-71 (8th Cir. 2018). "To be a 'qualified individual' within the meaning of the ADA, an employee must (1) possess the requisite skill, education, experience, and training for h[is] position, and (2) be able to perform the essential job functions, with or without reasonable accommodation.'" *Id.* The ADA, however, "does not require an employer to permit an employee to perform a job function that the employee's physician has forbidden" and that an employee's subjective belief that he or she can perform the essential functions of the job is irrelevant. *Id*. at 371.

6

In *Wilkinson v. Farmers Holding Co.*, the plaintiff was a wet plant foreman who was terminated and filed suit alleging he was diagnosed with "muscular sclerosis" and therefore disabled under the ADA. No. 1:23-cv-4 SNLJ, 2023 U.S. Dist. LEXIS 44401, at *3 (E.D. Mo. Mar. 16, 2023). The Court disagreed and granted the defendant's motion to dismiss finding plaintiff failed to allege facts establishing that he was legally disabled or that he could perform the essential functions of his job, with or without accommodation. *Id*. Specifically, the Court found the plaintiff failed to allege any facts establishing that his work performance met the employer's legitimate job expectations. *Id.*

Here, much like *Wilkinson*, Plaintiff's FAP is devoid of facts establishing she is a qualified individual within the meaning of the ADA. Specifically, she fails to allege any facts suggesting that she was capable of performing the essential functions of her job with or without the accommodations requested by her doctor. Similarly, Plaintiff's ADA retaliation also fails because she has not pled any facts establishing she was taken off the schedule for any reason other than her inability to perform the essential functions of the charge nurse position with or without reasonable accommodations. *See* *Hatchett v. Philander Smith College*, 251 F.3d 670, 676 (8th Cir. 2001). Accordingly, Plaintiff has failed to state a cause of action for either disability discrimination or retaliation under the ADA.

## CONCLUSION

The FAP should be dismissed with prejudice because Plaintiff fails to allege sufficient facts to state a claim. Plaintiff has not stated a claim of discrimination or retaliation because she has not alleged facts sufficient to support that she was disabled within the meaning of the ADA or capable of performing the essential functions of her job. For these reasons, Plaintiff has failed to state a claim and the FAP should be dismissed.

7

WHEREFORE, for the reasons set forth herein, Defendant St. Agnes Home respectfully requests this Court dismiss the First Amended Petition and any such further relief as this Court deems just and proper.

REICHARDT NOCE & YOUNG LLC

By: _/s/ Catherine M. Robertson_
MATTHEW H. NOCE          #57883MO
mhn@reichardtnoce.com
CATHERINE M. ROBERTSON #63200MO
cmr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court via the Court's ECF electronic filing system, and served by e-mail to:

Ott Law Firm
Joseph A. Ott
Mark E. Blankenship Jr.
3544 Oxford Blvd.
Maplewood, MO 63143
Telephone: (314)293-3756
Facsimile: (314)689-0080
joe@ott.law
mark@ott.law

_/s/Catherine M. Robertson_