UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE MARTCHINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-CV-00192-SPM |
| ) | |
| ST. AGNES HOME, ) | |
| ) | |
| Defendant. ) | |

**CASE MANAGEMENT ORDER - TRACK 2 (STANDARD)**

Pursuant to the Rule 16 Conference held on **Tuesday, April 9, 2024 at 1:30pm**, the Court will grant Plaintiff leave to file an Amended Complaint and deny Defendant's pending Motion to Dismiss as moot.

**IT IS HEREBY ORDERED** that the parties are directed to familiarize themselves with the Local Rules of this Court and the undersigned's requirements, which can be found at http://www.moed.uscourts.gov/judges-requirements.

**IT IS FURTHER ORDERED** that the following schedule applies in this case, and will be modified only upon a showing of good cause:

I.     SCHEDULING PLAN

1. This case has been assigned to **Track 2**.

2. Plaintiff is granted leave to amend the Complaint and must do so, if at all, no later than **May 10, 2024**. Defendant must answer or otherwise respond no later than **twenty-one (21)** days after the amended Complaint is filed.

3. All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **June 24, 2024**.

4. The parties shall make all initial disclosures required by Fed.R.Civ.P. 26(a)(1) no later than **May 2, 2024**.

5.  Whenever feasible, the parties will produce all electronically stored information in bates-stamped, pdf format. The parties must comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A) if they withhold information during discovery under an assertion of privilege or of protection as trial preparation material.

6.  Plaintiff must disclose all expert witnesses and provide the reports required by Fed.R.Civ.P. 26(a)(2) no later than **October 29, 2024** and must make expert witnesses available for depositions, and have depositions completed, no later than **November 29, 2024**.

7.  Defendant must disclose all expert witnesses and provide the reports required by Fed.R.Civ.P. 26(a)(2) no later than **January 14, 2025**, and must make expert witnesses available for depositions, and have depositions completed, no later than **February 14, 2025**.

8.  The presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a) shall apply. For purposes of this limit, a deposition under Rule 30(b)(6) is deemed a single deposition even though more than one person may be designated to testify.

9.  Requests for physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 must be made no later than **November 14, 2024** and completed no later than **December 13, 2024**.

10. The parties must complete all discovery in this case no later than **March 14, 2025**. The Court will hold a Case Status Conference on **February 28, 2025 at 10:00 a.m.**. The Case Status Conference will be held by Zoom, and counsel will receive instructions for attending in advance of the conference.

11. All discovery motions, including motions to compel, must be pursued in a diligent and timely manner. All discovery motions must be filed no later than ten days immediately after the response is made or is due, whichever is earlier. The Court will not consider motions to compel filed more than fourteen (14) days following the discovery deadline set out above. Pursuant to L.R. 37-3.04, no motion to compel will be considered unless the parties have first attempted to resolve the dispute without court intervention.

12. Before filing any discovery motion, the parties must first attempt to resolve their discovery dispute in compliance with the Court's requirements and the Local Rules. If the parties are unable to reach an agreement without court intervention, they ***must*** file a joint memorandum requesting a conference. The memorandum must be filed jointly; must specify the parties' previous attempts to resolve; must stipulate (in bullet points) the issues in dispute; and must not exceed three pages in length.

13. A party may seek relief by motion and need not request a conference if (a) that party is seeking discovery from a non-party; (b) the opposing party has failed to timely respond to discovery requests or (c) the opposing party has failed to make disclosures mandated by a court order.

14. This case shall be referred to alternative dispute resolution on **November 13, 2024** and that reference shall terminate on **January 13, 2025**.

15. Any motion to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), or *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), shall be filed no later than **May 16, 2025**. Opposition briefs must be filed no later than **fourteen (14) days** after the motion is filed. Reply briefs, if any, must be filed no later than **seven (7) days** after the opposition briefs are filed.

16. Any motions to dismiss, for summary judgment, or motions for judgment on the pleadings must be filed no later than **May 16, 2025**. Opposition briefs must be filed no later than **twenty-eight (28)** days after the motion is filed. Reply briefs must be filed no later than **fourteen (14)** days after the opposition briefs are filed.

## II. ORDER RELATING TO TRIAL

1. This action must be ready for trial by no later than **October 20, 2025.**

2. The Court will issue a separate order setting a final trial date and establishing pretrial compliance deadlines following the Case Status Hearing.

**IT IS FINALLY ORDERED** that Pursuant to Fed. R. Civ. P. 16(b)(4), this schedule may be modified only for good cause and with the Court's consent. Failure to comply with any part of this order may result in the imposition of sanctions.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this **9th** day of **April**, **2024**.